First case in our call this morning is agenda number six, People of the State of Illinois v. Robert Jocko. Counsel may proceed. May it please this Court, my name is Eve Riley and I am representing the people of the State of Illinois. The appellate court's decision extending Krenkel to defendant's pretrial allegations of ineffective assistance of counsel was error. Because the trial court was not required to inquire into defendant's pretrial allegations and because the Krenkel analysis cannot be applied prior to trial. Defendant's first allegation, which was brought almost a year prior to trial, came in the form of a motion entitled due process violation and alleged he didn't have counsel at his arraignment and that he was not allowed to talk to counsel while in the lockup. However, this allegation was rebutted by the record as assistant public defender Rosenthal appeared on his behalf. Additionally, at the time he brought this motion, he was represented by different counsel, assistant public defender Malarski. There was no reason for the court to inquire. Defendant's second allegation came in the form of a letter sent to the clerk of the circuit court. It was entitled Dear Circuit Court Clerk. It alleged that his counsel didn't enter certain affidavits, subpoenas, or a 911 tape into evidence. He specifically requested that it be placed in his master file for an appeal. There is no evidence that the trial court ever saw, received, or read this letter. It was not addressed to the trial court and defendant did not raise these claims in front of the trial judge. So the only claim the defendant brought before the court was rebutted by the record or was moot as he had no counsel. Defendant's other allegations were never brought before the court and were utterly abandoned throughout the trial and post-trial. He never once complained to the trial judge about his counsel's conduct. Despite these facts, the appellate court remanded the case for a Krankel inquiry into defendant's counsel. Counsel, let me ask you, if you obviously don't think Krankel fits into the situation, but should there be some procedure that would benefit the state, defendant, judicial economy, for the trial court to follow where there are claims of, pretrial claims of ineffective assistance of counsel? Well, certainly not a Krankel inquiry. The Krankel inquiry does not fit. And the reason is that the Krankel inquiry is inquiring into areas of privilege, tactical, strategic areas prior to trial. So to the extent that the trial court could ask about claims such as my attorney won't return my phone calls, of course the court can do that and they already do. They don't need a duty to do so. So Krankel allows for new counsel where there is merit to defendant's claim for the limited purpose of representing defendant on a claim of ineffective assistance of counsel. As that claim requires an analysis of Strickland, it can't be done prior to trial. The problem with applying the Strickland test prior to trial is that there's no way to tell if the alleged errors will have any effect on the outcome. Some errors would have a pervasive effect, some a trivial effect, depending on the weight of the evidence, which we don't know yet. Since there can be no analysis of a claim of ineffective assistance prior to trial, there can be no basis for conducting a Krankel inquiry to determine if defendant should have new counsel to represent him on such a claim. Defendant now suggests that this short should go beyond what the appellate court has done and found that Krankel should be applied differently pre-trial, essentially mandating the Krankel inquiry but changing the remedy to new counsel for trial or for monitoring of the defense by the trial court. Defendant's new rule is unworkable for several reasons. First, it's premature. It's prejudicial to the defense as it could unknowingly cause defendant to waive his privilege. It's premature. The court cannot tell whether there is possible neglect because the attorney still has time prior to the trial to do whatever it is the defendant is complaining he has not done. Additionally, it would be a burden on the judicial system. It would require a halt in the proceedings any time defendant has a complaint about his counsel. And as we see in this case that happened three times. He had three counsel. He complained all three were ineffective. On the issue of strategy, those strategic matters aren't even subject to ineffective assistance of counsel claims, are they? No, but because of the nature of the inquiry, because the defendant is complaining about what his attorney has done or has not done in this particular case, when the court inquires, it's going to cause the counsel to reveal strategic or even privileged communications prior to the trial. Additionally, trial judges would be required under defendant's new rule to comb through the record to determine if there was any document or letter, no matter who it was sent to, which could suggest an allegation of ineffective assistance. It would give defendant free reign to second-guess the proposed trial strategy of counsel. The appellate court held that Krenkel should apply, and I think it cited a couple of cases in support of the three reasons why it should apply. People v. Clark, people v. Ford. How do you distinguish those cases? Well, in those three cases, the court never reached the ultimate issue of whether Krenkel could be applied. Additionally, in those cases, just because there didn't happen to be in that situation any privilege or tactical or strategic areas that were revealed, it definitely is a possibility. But those cases are distinguishable because they never reached the decision of whether the Strickland or the Krenkel analysis could be done prior to trial. They just found that the adequate inquiry had been done. Would there be any bar under the Fifth Amendment to questioning the defendant who was subject to the inquiry? I'm sorry, can you repeat the question? Sure. In this case, the question is whether or not the judge inquires of the defendant as to his complaints about his lawyer. And my question is, does the defendant who is being inquired of have a Fifth Amendment right or have at least a right to be admonished as to the Fifth Amendment before such an inquiry is made? I don't know the answer to that, but I would think yes. Yes, he would. Defendant also claims it's not necessary to appoint new counsel to investigate allegations of ineffective assistance of counsel, and that the court can remove him from the case. And the court can remove defense counsel from the case and appoint new counsel for future proceedings. This is not Krenkel. This is not an extension of Krenkel, and this remedy is not appropriate. This defendant is not entitled to choose appointed counsel, and defendant should not receive new counsel just because he is unhappy with how his counsel is proceeding. For these reasons and all the reasons stated in our brief, we respectfully request that you reverse the appellate court's ruling. There's no dispute that there was a proper motion pending that was acknowledged by the trial court but never ruled upon? Correct. That was the motion for due process violation. The court did docket that motion. However, the actual allegations in that motion were rebutted by the record, and additionally, by the time defendant brought these claims, he already had new counsel. So there's really no reason for the court to inquire under Krenkel to determine if he should have new counsel to represent him on a claim of ineffective assistance of counsel. He already had assistant public defender Malarski. There was no danger that assistant public defender Rosenthal would be arguing his own ineffectiveness. So in this kind of situation with those factors, that's the basis where you feel that Krenkel is not necessary, could be disposed of in some other way? Well, Krenkel is, clearly these allegations were not, the second allegations in the letter were not brought before the court, so there's no duty to inquire. The first allegations, the court would not have had any obligation to inquire because the situation had resolved itself. The ultimate Krenkel remedy had already been given. Counsel, other than conflict of interest and other very limited circumstances, are there any other complaints that should trigger a pretrial? A hearing? Well, I mean, obviously if you have a conflict situation, that's going to require some type of inquiry. However, that's, apart from that, I'm not aware of any that's mandated by the court. Certainly the court can inquire if the defendant asks for new counsel and shows good cause. I think the court can just make a ruling on the motion. I don't think there's a mandated inquire, nor should there be. Are there factual circumstances in which there should be? For example, when the complaint made is that the appointed attorney has failed to visit the defendant in the jail? Well, certainly the court can inquire and most likely would inquire, but there shouldn't be a mandated inquiry for all claims that the defendant is alleging a complaint about counsel for the reason that it would intrude into privileged area or tactical, strategic or tactical areas. And additionally, the court really shouldn't be getting... Doesn't that put the court in a very difficult position to know what the nature of the inquiry that is that's permitted? I mean, I'm just trying to determine how a judge would have to handle these issues on a case-by-case consideration. And I think that may be all right. I think that's what you're saying. Correct. As the court has done in the 25 years since the Krenkel decision. We can see this in the Clark case when we were asked about Clark, Ford and James. In Clark, the defendant raised several allegations of ineffectiveness. My attorney won't call me back. My attorney won't return my phone calls. And also, my attorney won't investigate or call witnesses. And the court in that case inquired of the attorney, you know, about the phone calls and whether he would return his client's phone calls, which turned out not to be true, but did not inquire into any areas that would have revealed, you know, tactical, privileged or strategic areas. Additionally, it's really, the court should not be getting involved in the, how the defense conducts, or he shouldn't be getting involved in monitoring the defense, which is the remedy that my opponent is suggesting, that the court can seek assurances from the attorney that they will complete whatever task it is that the defendant is requesting that they do. Are you suggesting that there may be situations where the trial judge should make some inquiry, such as conflict or intoxication of the attorney or the other things you just alluded to, but if the trial judge doesn't, the only remedy is to cure it after a trial? Well, if you're talking about a chronic or a conflict situation, yes, of course, the court should inquire. However, the nature of the inquiry in a conflict case is different, because you're inquiring into the status of the attorney and whether or not the attorney has loyalties that lie elsewhere. So you're not going to be intruding into privileged or tactical or strategic areas. And of course, in a chronic situation, the court would intervene as well. But if the court does not intervene in those situations? Well, a crankle situation is the remedy that has always been that the defense should raise a post-trial claim alleging counsel's ineffectiveness, and at that time, the court will address it, where they can determine if new counsel needs to be appointed, and they are able to look at the errors and compare them and see if they affected the outcome of the trial. For these reasons and all the reasons stated in our brief, we respectfully request that you reverse the appellate court's ruling. May it please the court. My name is Catherine Donahoe from the Office of the State Appellate Defender, and I represent the appellee Robert Giacco. And as we've already discussed in the trial court, Mr. Giacco had concerns about the competence of his appointed counsel, and he submitted multiple written complaints regarding these concerns. And the State's final comments in their argument suggest to me that we're not as far apart on this issue as the briefs might suggest, because we've never asked for this to be remanded for appointment of new counsel. We've asked that this matter be remanded for some type of inquiry, and the State has acknowledged that an inquiry might be necessary. One example was proposed to the State, if there's a failure to visit the defendant in jail throughout the pretrial proceedings, it might be necessary for the court to make some inquiry to ensure that counsel is keeping on top of the defense. And this can be done without micromanaging the defense or getting involved in matters of legal strategy and tactical decisions. Where would we draw the line? Where should we draw the line? As to whether the court needs to make any inquiry whatsoever.  Well, in this case, Mr. Giacco made some complaints that were brought to the trial judge's attention, and the record indicates that the trial judge actually set for those issues to be addressed on May 25, 2006, and they were not. So in this case, there were multiple written documents, and they required some inquiry into the factual basis underlying them. And it's really something that's going to have to be managed on a case-by-case basis, similar to the guidance this court provided in People v. Moore. And this isn't really a new issue. This is something trial courts are asked to do every day, to oversee the fairness of the proceedings and ensure that the defendant's rights are being protected. And trial judges have the ability to recognize boundaries and to not get involved in micromanaging the defense. Do you disagree with the State's characterization that the April 25 motion to dismiss the issues were resolved because, in fact, counsel was present at the arraignment, and, secondly, that new counsel appeared, so he no longer had the attorney that he was complaining about? Well, that motion was filed and set to be addressed on May 25, and it never was. And it's true that one of the allegations contained in that motion was that he was denied the right to counsel at the arraignment. But there were a myriad of other allegations contained in this motion regarding lack of counsel, lack of access to counsel outside of the actual court proceedings. Do you disagree, then, that the change in counsel took care of the problem? Yes, we do disagree that the change in counsel took care of the problem, because there is not a record of what exactly these claims were. And the fact that the trial court set this matter to be addressed and then forgot to do so, as far as we can tell, just allowed this to slip through the cracks, shows that we don't really know if the trial court had other reasons to set a hearing on this matter. Counsel, you said earlier that you and the State and the defense weren't that apart on the remedy that you were requesting of the court, and you wanted an inquiry. In a Crankle inquiry, the court would appoint another attorney to review the claims of the defendant with regard to ineffective assistance. Are you asking for that any time the defendant makes some indication that he or she is dissatisfied with their present counsel? No, we're not. In Crankle is a case where the defendant had filed a motion, and the trial court allowed, failed to appoint independent counsel to look into these allegations. So that case got a little farther than what we have here. This case is a little more similar to Moore, where there wasn't an inquiry at all, and it didn't even get to the point of deciding whether new counsel needed to be appointed. So the issue here isn't whether Crankle should be extended to pretrial, but you're just talking about on a fact-specific basis, this court should have made inquiry. That's correct, Your Honor. This isn't just a matter of extending Crankle. This is a part of the trial court's ongoing duty to ensure that the proceedings are fair and that the defendant's right to effective counsel is protected. And do you agree or disagree that there might be some things that the defendant raises that might be inappropriate for the trial court to make inquiry about pretrial? For example, why the attorney is planning to call or not call certain witnesses? That's correct. It will always vary depending on the circumstances of the case. And even as this court's guidance in Moore suggests, the trial court shouldn't be getting involved in matters of trial strategy. If the defendant makes some allegations of his counsel's ineffectiveness, and when he starts to explain it, it's apparent that it's all matters of trial strategy, the trial court shouldn't be getting involved. Then the inquiry shouldn't go any further. If, on the other hand, it's complete neglect to prepare for the case, and it's not just trial strategy, I'm not calling these witnesses, it's the defendant saying, I've given him these addresses and names of alibi witnesses that will prove my innocence, and he's done absolutely nothing for a year now to contact them. That's something a little different. That's neglect. That's not just trial strategy. At what point would the trial court be required or expected to appoint separate counsel when the defendant raises some inquiry? Is it appropriate for the court to make inquiry of the defendant without appointing another attorney? Or should they always appoint another attorney? The first step certainly would not be to appoint a new attorney. It would be a preliminary inquiry. And as the State suggested, it may be appropriate in some cases for the court to warn the defendant that by participating in this inquiry, he may be giving up his Fifth Amendment right and things that he say may be later used against him in court. So the court should admonish him again. It may be necessary in some cases. But then, I mean, this Court has already recognized in cases such as Burnett v. Terrell that there are going to be circumstances prior to trial where counsel's performance is inadequate and new counsel must be appointed. But Ms. Dunhuang, what's the threshold question like Justice Garmon was saying, trying to each judge in such a subjective situation? The State contends that the crankle cannot be applied for trials because there's no way to establish prejudice. I mean, at what point does the judge have to presuppose or be speculative about any prejudice that might occur? It's so prior to any ability to have any prejudice. Well, with the initial inquiry, the standard this Court enunciated and more would be appropriate. At that point, the inquiry is just to determine whether there is possible neglect. And prejudice doesn't exactly come in very neatly to that part of the inquiry. But if there is some indication of possible neglect, then the court may need to consider prejudice. But it's not the type of prejudice pronged as the Strickland case, because at that point, anything that has gone wrong may still be curable. It's just a matter of the attorney not meeting with the defendant for two years of pretrial proceedings. That can still be cured at that point. And it's important to remember that in Strickland, the U.S. Supreme Court was faced with a situation where this was a different context. It was after the trial, and so what the defendant was seeking was a new trial and reversal of his conviction. So this case, even though the concerns of Strickland apply, it doesn't fit quite neatly into that two-pronged analysis. You're not asking us to go as far as the appellate court did in this case? Well, the appellate court remanded for an inquiry, and that is the same relief that we're asking this Court. Right, but they specifically mentioned Krankel, and then when they do, they're parenthetical, keeping with Justice Garmon's question. It says remanded for a new hearing on defendant's pro se post-trial motion based on ineffectiveness of trial counsel with appointed counsel different than trial counsel. They specifically point that out after saying that the Court should have followed Krankel. So my question is, are you asking us, rather, to carve out some type of hybrid inquiry? Because the arguments of opposing counsel, well, Krankel shouldn't apply. The appellate court seems to say Krankel should apply. It doesn't really come up with any type of hybrid. Are you asking us to come up with a hybrid, or are you asking us to affirm the appellate court? Well, the situation is a bit different, because Krankel was in the post-trial setting, and so what we are asking this Court to do is to remand for an inquiry, and it's not certain at that point that new counsel is required. But I don't think that the analysis needs to be so different from what this Court articulated in People v. Moore. An initial conversation with the defendant to just understand the factual basis of the allegations that have been made, and to determine, again, if there was possible neglect. If the Court did nothing, you still could have a post-trial interrogation concerning satisfactory counsel, couldn't you? There could be, but at that point the trial court has missed out on an important opportunity to remedy the problem before all of the expense and time is wasted on a trial that may very well have been unfair. The judicial economy is the reason that we should develop this new calculus to determine what to do when there's some hint of problem in the pre-trial factual background? There are several reasons, and judicial economy is certainly one of them. In this case, Mr. Giacco had a full jury trial, and so much time and expense was spent on the trial without these proceedings ever being evaluated beforehand. But another reason is just the basic fundamental principle that a defendant is entitled to effective counsel at all stages of the proceedings. And so he's entitled to effective counsel before trial and in preparation for trial, and he may very well have been denied that right. We're looking to where from, where is the trial court going to get its guidance, other than just the subjective sense of what is the fair and right thing to do in this case? Guidance with respect to whether to... With respect to whether or not to make any inquiry, it would be similar to the post-trial setting, whether or not the allegations are brought to the trial court's attention, and whether or not they are just at that point the ramblings of somebody who wants to micromanage his defense and is a chronic complainer, and this has been brought up and addressed before, or whether this is something serious that the attorney is actually... The trial judge is going to look at our jurisprudence and say, well, I guess they want me to do something here, even though I think I shouldn't. And that's my concern with it. How does the trial judge execute the commands we're giving him in this case, or you would like us to give him in this case? Well, I think, as I said, not to repeat myself, I believe that the inquiry is triggered in a similar way to how it would be post-trial, and so trial courts are already doing that on a regular basis and they know how to do that. And then with respect to how to conduct the actual inquiry, again, this Court hasn't issued very specific guidelines with respect to what to do at the post-trial setting. We have the principles set out in more of this initial inquiry, perhaps some discussion with trial counsel, perhaps it can be remedied just by a few sentences exchanged with the defendant, and it is going to be something that has to be done on a case-by-case basis because it's impossible to define what a trial court should do in every instance because these types of allegations can arise in so many different contexts. Well, fortunately or unfortunately, if we issue a pronouncement from this Court that an inquiry is necessary, keeping with Chief Justice Fitzgerald's question, dovetailing off of that, the trial court is going to want to know what type of inquiry, and then there's going to be cases on whether it was a sufficient inquiry or not, and the case law then will develop as to what type of inquiry is necessary. As I sit here, I can think of situations in which there's a claim of ineffective assistance that I would think, based on the facts of that particular case, you just mentioned case-by-case basis, that no inquiry is necessary. You know, some defendant just yelling out, I don't like my counsel, whatever. But if we make a statement that an inquiry is necessary, there certainly will be inquiries. And I'm just wondering if in the pretrial context that the case-by-case basis isn't a better way to go. Under the facts of the particular case, did the trial judge abuse his discretion in not having an inquiry in a particular case based on what came out pretrial, rather than a definitive statement that there must be inquiries at the pretrial stage? What's your thoughts on that? Well, as I understand your question, Your Honor, you're asking whether it's appropriate for it to be up to the judge's discretion on a case-by-case basis whether to conduct any inquiry at all. And that's, I think, how it's already functioning in the post-trial setting, and that would be appropriate in the pretrial setting when there are allegations that are clear, that the defendant is questioning the competence of his attorney, then there should be some kind of inquiry. It may be very brief. It just can't be ignored. These claims can't be allowed to slip through the cracks. But then it will be a... Counsel, just so I don't lose it, you just said if the inquiry is clear. I think you said something like that. Yes. And in this type of case... So the issue now becomes for every trial judge in the state to determine pretrial whether or not there is a Strickland issue here, or we're going to get rid of Strickland. I don't understand that. Well, the issue is the defendant's Sixth Amendment right to effective counsel. And it's not exactly the same factual scenario as the U.S. Supreme Court saw in Strickland, but those are the same types of principles that we understand to be what constitutes competent assistance of counsel. And what would be wrong if we just left it alone and let it percolate as it is now? If you have a factual situation in your case that matches a factual situation before a court, you then could raise that issue pretrial. I mean, you can do that right now. Right? I'm sorry. You can do that on a case-by-case basis. Yes, but the state is effectively... Without saying in this case we're adopting Kringle for pretrial issues. The state has effectively argued that the trial judge is powerless to do anything. And they said some... I understood in response to some of the questions put by your honors that they acknowledged some inquiry might be necessary at some points. But in their briefs, they've argued that a trial judge is just powerless to do anything, even if there are concerns about counsel arising from the judge's own observations, let alone actual allegations brought by the defendant. And we're just asking this court to recognize that this is not a new issue and that the trial courts have an ongoing duty to ensure a fair trial and the right to effective counsel. And in this type of case where a motion was filed, it was set for a hearing, and then it was just completely forgotten and allowed to slip through the cracks, that the trial judge, at a minimum, must make some record of why it never held the hearing that it did found by necessary at an earlier stage. You just said something that brought up another question in my mind. You said something that would indicate that you think there's some sua sponte duty on the part of the court to hold some kind of an inquiry in the absence of a request from the defendant. If the judge doesn't like the way they think the case is going, they should make an inquiry about counsel's effectiveness? Well, that's not a... Is that what you're asking? That's not an issue that this court needs to decide in this case. I'm just pointing out that if a defendant's attorney walks into the courtroom intoxicated but the defendant's fine with that... Well, that's clear. Exactly. And if the defendant's fine with that, then the judge has some duty. So in those types of extreme situations, I'm just arguing that sometimes a judge might, not that there's a duty to sua sponte, evaluate whether counsel is being competent based on a particular action, but that there are situations where, without any input from the defendant, the judge does have concerns about the competence of the attorney. And by the state's logic, the judge couldn't do anything in that case. He or she would be powerless to take any action. And we believe that the trial judges should have the discretion to address these issues because it's part of their duty to oversee the proceedings, and they recognize their boundaries, and they can do this without trampling on the right to counsel, the right to present a defense. And so in sum, Your Honors, we ask that this court find that the trial court should be required to at least briefly address the factual matters underlying allegations of ineffectiveness to determine if there is possible neglect, just as this court enunciated and more. And we ask this court to remand this matter for the inquiry that the trial court failed to follow through with. Thank you. The defendant is not denied a fair proceeding just because there may have been an error prior to trial. There is no Sixth Amendment violation unless the errors actually affect the outcome of the trial. In this case, the defendant did not make any allegation that he didn't get a fair trial and did not allege that his trial counsel was ineffective. The nature of the mandated inquiry would be prejudicial to the defendants, would intrude upon tactical and strategic areas. And we can see that if you take the allegations in this case that the attorney didn't subpoena or enter subpoenas or affidavits into evidence, the nature of the inquiry is going to be, well, what witnesses did you want called? What was their proposed testimony? What did the defense attorney know about it and what did they do about it? This is going to be intruding in areas that shouldn't be intruded upon prior to trial. And in almost every inquiry, the defendant is going to complain about what the counsel did in this case and his preparation of this case. So it is always going to be a problem. The pre-trial, applying pre-crankle pre-trial, as discussed, does not work because you cannot apply the Strickland analysis prior to trial. Also, the court should not be monitoring the defense counsel in any way and it is intrusive into areas where it should not be discussed prior to trial. For these reasons and all the reasons stated in our brief, we respectfully request you reverse the appellate court's ruling. Thank you, counsel. Case number 108465 will be taken under